UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Martha Soderman**

    v.                                          Civil No. 17-cv-076-PB
                                                  Opinion No. 2017 DNH 165

**Shaw's Supermarkets, Inc. et al**

## MEMORANDUM AND ORDER

Martha Soderman has moved to remand her claims against Shaw's Supermarkets, Inc. and Christian Poulin to state court. Soderman's claims are based exclusively on state law. Because she and Poulin are citizens of the same state, Soderman argues that the case must be remanded because this court lacks diversity of citizenship jurisdiction over her complaint. Defendants respond by claiming that Poulin's citizenship is irrelevant because he was fraudulently joined.

## I. BACKGROUND

Soderman was an employee of the Shaw's grocery store in Derry, New Hampshire, for more than 26 years until she was terminated on March 7, 2014. Doc. No. 1-1 at 3. At the time, Soderman was the manager of the Customer Service Department. Id. at 4-5. Poulin served as the Derry Store Director and was responsible for the store's operations and supervision of all managers, including Soderman. Id. at 4.

While on medical leave, Soderman appeared at the Derry store and delivered fifty handmade Christmas gift bags to other employees, some of which contained nips of alcohol. Id. at 5. She and other Shaw's employees had been openly gifting alcohol to co-workers for years, and Poulin was aware of the practice. Id. at 5-7. During the same visit, Soderman handed Franco DiAgostino a bottle of wine as a token of appreciation for covering her position while she was on leave. Id. at 6. Poulin commented that it was a nice bottle and they should have some during a break. Id. Upon returning from medical leave on March 3, 2014, Soderman was informed that she was under investigation for violating Shaw's' Standards of Conduct and was being suspended. Id. at 7. Four days later, Shaw's terminated her employment. Id. Shaw's informed Soderman that it terminated her because she violated the company's Standards of Conduct, which barred employees from gifting alcohol to other employees. Id.

Following Soderman's termination, Shaw's hired DiAgostino to fill Soderman's position as the company's new Customer Service Department manager. Id. DiAgostino was in his mid-twenties. Id. at 5. Another qualified Shaw's employee, who was over the age of forty, applied for the position and did not get it. Id. at 7. Poulin told the applicant that she was denied the position because the company desired a younger person for

2

the job.  Id.  Soderman alleges that the stated reason for terminating her was merely a pretext, and she was actually terminated because of her age.

On May 12, 2014, Soderman filed a complaint with the New Hampshire Commission for Human Rights ("Commission"), alleging that Shaw's discriminated against her based on her age.  Id. at 8; Doc. No. 6-2.  The Commission did not act on her complaint between its filing in 2014 and early 2017.  See Doc. Nos. 6-1 at 8, 6-2, 6-3.  On January 11, 2017, Soderman removed the action to Rockingham County Superior Court, added a wrongful termination claim, and named Poulin as an additional defendant.  Doc. No. 1-1.  On January 17, after receiving notice of the state court action, the Commission dismissed Soderman's administrative complaint without prejudice.  Doc. No. 6-3.  On February 22, the defendants removed the state court action to this court.  Doc. No. 1.

## II.  STANDARD OF REVIEW

A defendant may remove a case to federal court only if the court has subject matter jurisdiction over the claims on which the case is based.  See 28 U.S.C. § 1441; see Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 45 (1st Cir. 2003).  Subject matter jurisdiction exists over Soderman's complaint if the amount in controversy exceeds $75,000 and there is diversity of

3

citizenship between the parties.  See 28 U.S.C. § 1332.
Diversity jurisdiction requires that "the citizenship of each
plaintiff is diverse from the citizenship of each defendant."
Quigley v. Precision Castparts Corp., No. 16-cv-90-PB, 2016 WL
3906631, at *3 (D.N.H. July 14, 2016) (quoting Caterpillar Inc.
v. Lewis, 519 U.S. 61, 68 (1966) (emphasis added)); see §
1332(a).

To address the concern that a plaintiff might seek to avoid
removal of a case from state to federal court by "adding bogus
claims against a nondiverse defendant . . . courts developed the
doctrine of 'fraudulent joinder.'"  Quigley, 2016 WL 3906631, at
*3.  Fraudulent joinder "permits courts to disregard the
citizenship of a fraudulently joined defendant when determining
whether diversity of citizenship exists."  Id.

While fraudulent joinder can be shown through evidence of
actual fraud in the plaintiff's pleading, see id., it can also
be proved by showing that "there is no reasonable possibility
that the state's highest court would find that the complaint
states a cause of action upon which relief may be granted
against the non-diverse defendant."  Universal Truck & Equip.
Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st
Cir. 2014).  The removing party "carries the extremely heavy
burden of showing that there is no reasonable possibility of a
cause of action through clear and convincing evidence."  Nordin

4

v. PB&J Resorts, LLC, No. 15-cv-509-JL, 2016 WL 2757696, at *3 (D.N.H. May 12, 2016) (citations and internal quotation marks omitted). In a fraudulent joinder analysis, "contested factual issues and any doubt as to the propriety of the removal must be resolved in favor of remand." Id. (quoting Renaissance Mktg., Inc. v. Monitronics Int'l, Inc., 606 F.Supp.2d 201, 208 (D.P.R. 2009)). When a court examines a fraudulent joinder claim, it may "consider additional evidence beyond the claims made in the pleadings, including affidavits of the parties." Id. (quoting Phillips v. Medtronic, Inc., 754 F.Supp.2d 211, 215 (D. Mass. 2010)).

### III. ANALYSIS

Soderman's motion to remand hinges on whether she properly joined Poulin in her state court complaint. Shaw's argues that Poulin was fraudulently joined for two reasons. First, Shaw's contends that Soderman's claim against Poulin necessarily fails because she did not exhaust her administrative remedies as required by statute. In the alternative, Shaw's argues that the claim is defective because the complaint does not adequately allege that Poulin aided or abetted discrimination. I address each argument in turn.

#### A. Administrative Exhaustion

New Hampshire Revised Statutes Annotated § 354-A prohibits

5

employers from discriminating against employees on the basis of age.  See N.H. Rev. Stat. Ann. ("RSA") § 354-A:7, I.  Before bringing an action in state court, however, the aggrieved employee must file a complaint with the Commission naming all respondents.  See RSA §§ 354-A:21-a, I, -A:21, I(a); Wilson v. Port City Air, Inc., No. 13-cv-129-JD, 2013 WL 2631860, at *2 (D.N.H. June 12, 2013).  Shaw's argues that Soderman's § 354-A claim against Poulin cannot possibly succeed because she did not name Poulin as a respondent in her administrative complaint.  Soderman responds by claiming that she was not required to name Poulin because it would have been futile to seek administrative relief against him.

The New Hampshire Supreme Court has not yet determined whether § 354-A's exhaustion requirement is subject to a futility exception but the Court has declined in other contexts to require a plaintiff to exhaust administrative remedies where any exhaustion would be futile.  See Dembiec v. Town of Holderness, 167 N.H. 130, 133-34 (2014) (recognizing futility exception in zoning cases).  Accordingly, it is at least conceivable that the court would also recognize a futility exception to the exhaustion requirement in § 354-A cases.

Soderman also argues that the New Hampshire Supreme Court could reasonably conclude that exhausting administrative remedies would be futile in the present case.  Under the

6

Commission's regulations, an administrative complaint must be filed on either a U.S. Equal Employment Opportunity Commission ("EEOC") charge of discrimination form or in a "letter that adopts the form's 'preprinted list of choices' for identifying the respondent's relationship to the claimant." See Carney, 2017 WL 680384, at *8 n.11; N.H. Code Admin. R. Hum. 202.02(a)-(b). Soderman contends that she could not have named Poulin in her complaint to the Commission because the relevant complaint form offers a pre-printed list of choices to identify the complainant's relationship with the respondent, but lacks the option of naming an individual employee. See N.H. Code Admin. R. Hum. 202.02(a)-(b). In making this argument, Soderman relies on this court's decision in Carney, where Judge McCafferty found that the pre-printed list of choices made it futile for the plaintiff to seek administrative remedies against an individual. Carney, 2017 WL 680384, at *7-8 & n.11.

In response, Shaw's advances several arguments for why the futility exception does not apply. First, Shaw's asserts that, unlike in Carney, there is no evidence that Soderman intended to charge Poulin with discrimination when she filed her complaint with the Commission. But Carney did not conclude that the plaintiff's intent to charge the individual defendant was essential to its futility analysis. See id. Instead, the court looked to the requirements imposed upon complainants by the

7

applicable regulations.  See id.

Second, Shaw's contends that Soderman's futility argument is based on an incorrect premise because the commission does not expressly prohibit claims against employees.  I agree with Judge McCafferty's conclusion in Carney, however, that the "Commission's regulations appear to prohibit a complainant from naming an employee or company agent . . . as a respondent to an administrative complaint."  See id. at *8.  The regulations require a complainant to file either an EEOC charge of discrimination form or a "letter that adopts that form's 'pre-printed list of choices' for identifying the respondent's relationship to the complainant."  Id. at *8 n.11; see N.H. Code Admin. R. Hum. 202.02(a)-(b).  The available choices are limited to the complainant's "[e]mployer," "[l]abor organization," "[e]mployment agency," "[a]pprenticeship committee," or "agency."  Id.  A reasonable reading of these regulations thus would not permit a complainant to name an individual supervisor or co-worker.

Until very recently, courts in this district had held that a victim of discrimination could not maintain a § 354-A claim against an individual employee.  See, e.g., Rand v. Town of Exeter, 976 F.Supp.2d 65, 74 (D.N.H. 2013); Wilson, 2013 WL 2631860, at *1-2.  Although the New Hampshire Supreme Court recently construed § 354-A to permit such claims in certain

circumstances, see U.S. Equal Employment Opportunity Commission v. Fred Fuller Oil Company, Inc., 168 N.H. 606, 608–12 (2016), the 180-day period during which Soderman could file an administrative claim against Poulin had passed by the time that Fuller was decided.  See RSA § 354-A:21, III.  Moreover, even after Fuller, the regulations appearing to bar Soderman from naming Poulin remain in force, regardless of whether the Commission accepts such complaints in practice.  For these reasons, there is at least a reasonable possibility that the New Hampshire Supreme Court would find that the claim against Poulin is not barred by the administrative exhaustion requirement.  Accordingly, I reject Shaw's primary argument for fraudulent joinder.

**B.   Aiding and Abetting under RSA 354-A**

Shaw's argues in the alternative that even if the administrative exhaustion requirement does not bar Soderman's action against Poulin, her state court complaint fails to adequately allege that Poulin aided and abetted age discrimination.  I disagree.

Section 354-A prohibits employers both from engaging in any "unlawful discriminatory practice" and from aiding or abetting such a practice.  RSA §§ 354-A:2, XV, -A:7, I ("It shall be an unlawful discriminatory practice . . . [f]or an employer, because of the age . . . of any individual, . . . to discharge

9

from employment such individual . . . ."). The New Hampshire Supreme Court recently extended liability beyond employers to individuals who aid or abet workplace discrimination. Fuller, 168 N.H. at 608, 611. In doing so, the court explained that "any act of aiding, abetting, inciting, compelling or coercing another to commit an unlawful discriminatory practice, or attempting to do so, or obstructing or preventing any person from complying with the chapter is itself an unlawful discriminatory practice." Id. at 610.

In assessing whether the New Hampshire Supreme Court would dismiss the aiding and abetting claim against Poulin as inadequately pled, I look not the federal plausibility standard, but instead to the state's more liberal pleading standard. See Quigley, 2016 WL 3906631, at *3, 7. New Hampshire courts assume that all properly pled allegations are true and construe all reasonable inferences in the light most favorable to the plaintiff. Snierson, 145 N.H. at 76-77. Dismissal is inappropriate if the pleadings are "reasonably susceptible" of a reading that would permit relief. Id.

Under this standard, the facts pled by Soderman are sufficient to establish a reasonable possibility that the New Hampshire Supreme Court would find a viable claim against Poulin under the state pleading standard. Poulin was the store director and supervised all department managers, including

Soderman.  Doc. No. 1-1 at 4.  Poulin knew that Soderman had been providing holiday gift bags to co-workers for years and that any violation of Shaw's' Standards of Conduct was unintentional, and he tacitly encouraged her to violate the policy by sharing alcohol with him.  Id. at 6, 10.  Further, Poulin failed to share his knowledge that Soderman's violation of the alcohol policy was unintentional with others in the company, including while consulting with a human resources manager about the investigation of her alleged misconduct.  See id. at 10–11.  Finally, Poulin expressly told a qualified applicant who was over the age of 40 and had interviewed for Soderman's position that the applicant was not hired because the company wanted a younger person for the job.  Id. at 7.

Based on these allegations, a court applying the New Hampshire pleading standard could reasonably conclude that the complaint adequately alleges that age discrimination contributed to Shaw's' decision to terminate Soderman, and through an act or omission Poulin aided, abetted, or incited the discriminatory termination, or at least attempted to do so.[1]  Because there is a

---

[1] New Hampshire case law is unsettled as to whether discrimination must be the but-for cause for termination in order to violate § 354-A.  In the Title VII context, however, the United States Supreme Court has held that an employee alleging discrimination may show that "the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in

reasonable possibility that the New Hampshire Supreme Court would conclude that Soderman states a viable claim against Poulin, I reject Shaw's alternative argument for fraudulent joinder.

## IV.  CONCLUSION

For the reasons set forth above, I conclude that the court lacks diversity of citizenship jurisdiction over Soderman's complaint.  I therefore grant her motion to remand (Doc. No. 6).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 30, 2017

cc:  Keith Diaz, Esq.
     K. Joshua Scott, Esq.
     Debra Weiss Ford, Esq.

---

the employer's decision." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2522-23 (2013).